UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.  8:91-CR-220-T-17TGW
                      8:91-CR-293-T-17TGW

WILLIAM McKENNA

_____/

ORDER

This cause is before the Court on:

Dkt. 132   Motion to Resolve Federal Detainer
Dkt. 33    Motion to Resolve Federal Detainer

Defendant William McKenna, pro se, requests assistance in resolving the federal detainer placed by the U.S. Marshal Service pursuant to an active warrant for violation of supervised release. Defendant McKenna asserts that the presence of the federal detainer prevents Defendant from exercising his detention level and obtaining a lower custody. The restriction prevents Defendant McKenna from gaining hands-on experience that would otherwise be available to Defendant through the Florida Department of Corrections Wastewater Treatment Program.

In Case 8:91-CR-220-T-17TGW, Counts 1, 2 and 3 of the Indictment include:

Count 1   Bank Robbery, Assault With a Deadly Weapon
Count 2   Penalties for Firearms
Count 3   Possession of Firearm By A Convicted Felon

Case No. 8:91-CR-220-T-17TGW
Case No. 8:91-CR293-T-17TGW

After entering into a Plea Agreement and pleading guilty to Counts 1, 2 and 3, Defendant McKenna was sentenced on January 17, 1992. (Dkts. 34, 35, 39). As to Count 1, Defendant McKenna was sentenced to 100 months imprisonment (concurrent with Count 3), and a 36 month term of supervised release; as to Count 2, a 60 month term of imprisonment, consecutive to Count 1, and consecutive to Case No. 8:91-CR-293-T-17, and a 36 month term of supervised release (concurrent); as to Count 3, 100 months imprisonment (concurrent with Count 1), and a 36 month term of supervised release.

In Case No. 91-293-T-17, Defendant McKenna was charged in an Information:

| | |
|---|---|
| Count 1 | Violation of 18 U.S.C. Sec. 2113(a) and (d) Bank Robbery and assault with a dangerous weapon, a handgun on January 3, 1991; |
| Count 2 | Violation of 18 U.S.C. Sec. 2113(a) and (d) Bank Robbery, and assault with a dangerous weapon, a BB gun resembling a handgun, on February 1, 1991; |
| Count 3 | Violation of 18 U.S.C. Sec. 2213(a) and (d) Bank Robbery, and assault with a dangerous weapon, a BB gun resembling a handgun, and a hoax bomb, on February 27, 1991; |
| Count 4 | Violation of 18 U.S.C. Sec. 2213(a) and (d) Bank Robbery, and assault with a dangerous weapon, a BB gun resembling a handgun and a hoax bomb, on March 18, 1991. |

Case No. 8:91-CR-220-T-17TGW
Case No. 8:91-CR293-T-17TGW

On January 17, 1992, Defendant McKenna was sentenced to a term of imprisonment of 100 months on Counts 1 through 4, each Count concurrent, and the sentence was to run concurrent with the sentence imposed in related Case No. 8:91-CR-220-T-17; Defendant shall receive credit for time served from March 25, 1991, and 36 months supervised release as to Counts 1 through 4, each Count concurrent and to run concurrent with the supervised release imposed in Case No. 8:91-CR-220-T-17.

Defendant McKenna served a term of imprisonment, and was released to supervised release on November 1, 2002.

On January 12, 2004, Defendant McKenna's supervising officer requested issuance of a warrant for Defendant McKenna's new criminal conduct while on supervision, consisting of Armed Bank Robbery of Compass Bank, Spring Hill, Florida on December 4, 2003, in violation of a condition of supervision; Armed Robbery on December 4, 2003 at the Circle K convenience store, 6227 Deltona Blvd., Spring Hill, Florida, in violation of a condition of supervision; and Armed Robbery on December 4, 2003, at the Circle K convenience store, 3275 Broad St., Brooksville, FL, in violation of a condition of supervision. (Dkt. 113)

At the time the warrant was issued, Defendant McKenna was not arrested on that charge. The U.S. Marshal lodged a detainer against Defendant McKenna, but the violation of supervised release will not be addressed until Defendant McKenna is released from state prison. (Dkt. 117).

In February, 2005, Defendant McKenna was sentenced to state custody for a term of twenty years, and two additional terms of fifteen years for armed

3

Case No. 8:91-CR-220-T-17TGW
Case No. 8:91-CR293-T-17TGW

robberies in Hernando County, Florida, Case No. 04-00036. In May, 2007, Defendant McKenna was sentenced to a ten year term of imprisonment in connection with an armed robbery in Pasco County, Florida, Case No. 04-00064. (Dkt. 32).

Although Defendant McKenna requested a final disposition of the violation of supervised release (Dkt. 118), the Court denied Defendant McKenna's Motion because Defendant McKenna is not entitled to a supervised release violation hearing until Defendant McKenna completes his state sentence. (Dkts. 124, 129). The Court explained that because Defendant McKenna was not in federal custody at the time that Defendant McKenna filed his motion related to Defendant's supervised release, there is no constitutional right to a hearing until completion of Defendant McKenna's state sentence, when the detainer brings Defendant McKenna back into federal custody. See United States v. Cunningham, 150 Fed. Appx. 994 (11th Cir. October 21, 2005)(unpublished).

The Court declined to issue a certificate of appealability on the Order denying Defendant McKenna's Sec. 2255 Petition, and declined to approve leave to appeal IFP (Dkt. 129).

Defendant McKenna's violation of supervised release will be addressed when Defendant McKenna is returned to federal custody. After consideration, the Court denies Defendant McKenna's request for resolution of the federal detainer.

The Court does not want to magnify the obstacles Defendant McKenna may encounter in returning to life outside a correctional institution, and understands the need for hands-on experience. However, the policy and procedures for the classification, custody and program needs of inmates who are designated for service of sentence are matters within the discretion of the Bureau of Prisons. The Court

Case No. 8:91-CR-220-T-17TGW
Case No. 8:91-CR293-T-17TGW

has reviewed Program Statement P5322.14; the Court can only recommend that Defendant McKenna raise this issue at Defendant McKenna's next Program Review. If Defendant McKenna is not satisfied with the result at that time, Defendant McKenna may pursue the administrative remedies that are available through the Administrative Remedy Program. Accordingly, it is

**ORDERED** that pro se Defendant William McKenna's Motions to Resolve Federal Detainer (Dkts. 132, 33) are **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of August, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

Pro Se Defendant:

William McKenna
931433
Suwanee Correctional Institution
Live Oak, FL   32060